JACK GREENWOOD, JR., ET AL., APPELLANTS, V. TURNER GRAIN COMPANY ET AL., APPELLEES.

330 N.W.2d 925

Filed March 11, 1983. No. 82-242.

Ralph A. Bradley, for appellants.

Ronald S. DePue of McDermott, Depue & McDermott, for appellees.

BOSLAUGH, WHITE, and CAPORALE, JJ., and
BRODKEY, J., Retired, and GRANT, D.J.

BOSLAUGH, J.

This action was commenced to recover the net
proceeds from the sale of approximately 6,000
bushels of corn delivered to the defendant Turner
Grain Company by the plaintiffs Jack Greenwood,
Jr., and Cory Greenwood. Pursuant to a stipulation
of the parties, the proceeds were paid into the court
and the action was dismissed as to the grain com-
pany. The plaintiff Phyllis Greenwood disclaimed
any interest in the proceeds and the action was dis-
missed as to her. The record indicates the defend-
ant Ethel Greenwood also disclaimed any interest in
the proceeds and the action was dismissed as to her.

The plaintiffs are sons of the defendant Jack
Greenwood, Sr. For a number of years prior to 1980
they had been employed by their father in farming
land owned and rented by him. In January 1980 the
defendant proposed to his sons that they each sign a
farm lease with him on separate 80-acre tracts
which he had been renting. Jack Greenwood, Jr.,
and his father signed a lease for land rented from
B. J. Cunningham, Jr. Cory Greenwood and his
father signed a lease for land rented from Evelyn
Leonard. Jack Greenwood, Sr., paid the first one-
half of the cash rent due on each tract. The under-
standing was that each son would pay the second
one-half of the cash rent and the crop from each
tract would be divided equally between the lessees.
There was no understanding as to how the other ex-
penses of farming the tracts would be divided.

The boys were to be paid an hourly wage for their
services on the other land owned and rented by the
defendant.

According to the defendant, at the request of each
plaintiff, the oral understanding was modified in
February 1980 so that instead of a share of the crop
on the two 80-acre tracts, the plaintiffs would each

receive a salary or wage for their services. When the second one-half of the cash rent came due on the Cunningham and Leonard tracts, it was paid by the defendant.

At harvest time the plaintiffs delivered the crop from one-half of the Cunningham tract and the Leonard tract, amounting to approximately 6,000 bushels of corn, to the grain company.

The defendant admits that he is still indebted to Cory Greenwood in some amount for salary or wages. He claims that he has made a settlement with Jack Greenwood, Jr., and has paid him in full.

The plaintiffs claimed that they were entitled to the proceeds because of the leases they signed with their father. The defendant denied that the plaintiffs had an interest in the proceeds and alleged that the grain delivered to the grain company was his property. By cross-petition the defendant claimed that the wrongful acts of the plaintiffs forced him to default on contracts for future delivery of grain and that, as a result, he was damaged in the amount of $10,000.

The trial court found that the defendant Jack Greenwood, Sr., was entitled to the proceeds of the corn delivered to Turner Grain Company but that he was not entitled to recover on the cross-petition. The plaintiffs have appealed.

The action, essentially, is one in contract, an action at law. The decision of the trial court was equivalent to the verdict of a jury and will not be disturbed unless clearly wrong. In determining whether the evidence is sufficient to sustain the judgment, it must be considered in the light most favorable to the defendant, all conflicts must be resolved in his favor, and he is entitled to the benefit of all inferences that reasonably may be deduced from the evidence. *Atlas Steel & Wire Corp. v. L & M Constr. Chemicals, Inc.,* 212 Neb. 16, 321 N.W.2d 64 (1982).

The evidence was in direct conflict. The defend-

ant testified that Cory told him on February 6, 1980, that Cory would rather work for wages than have a share of the crop. Several weeks later Jack Jr. called the defendant and stated that he could not afford to pay the cash rent and had to have an income payable every 2 weeks. They agreed upon a salary of $1,500 per month.

Jack Jr. testified that the salary of $1,500 per month was to be in addition to his share of one-half of the crop from the Cunningham 80 and that the agreement was made before he signed the lease. Cory testified that he was to receive $3.75 per hour payable weekly or every other week, but that he was to receive a share of the crop instead of wages for farming the Leonard 80. Cory denied that there had been any further discussion with his father concerning a change in his oral contract of employment.

The evidence was sufficient to support the findings of the trial court, and the judgment must be affirmed.

AFFIRMED.